Filed 6/27/16  P. v. Deleon CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B267933 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA436522) |
| v. | |
| RONALDO DIAZ DELEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Michael W. Flynn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2015, Los Angeles County Sheriff's deputies were transporting defendant Ronaldo Diaz Deleon and Santino Barnes for medical care. The two inmates were handcuffed and seated in the back seat of a patrol car. A metal cage and hard plastic divider separated them from the two deputies in the front seat.

Some time during the drive, Deleon unbuckled his seatbelt and moved his hands, still handcuffed, from behind his back to the front of his body. He then placed the handcuff chain over Barnes' head, wrapped the chain around Barnes' neck and pulled Barnes toward him, causing cuts on Barnes' head and neck. The deputies heard a commotion, stopped the patrol car and pulled Deleon off Barnes.

The People charged Deleon in an information with one count of assault with a deadly weapon (handcuffs) in violation of Penal Code section 245, subdivision (a)(1).

Just before jury selection began, Deleon requested to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]). The court denied the request as untimely, because Deleon stated he would not be ready to proceed with trial.

The jury convicted Deleon of aggravated assault as charged. The trial court sentenced Deleon to the lower term of two years in state prison. Deleon filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Deleon on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On February 23, 2016, we advised Deleon he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Deleon's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## **DISPOSITION**

The judgment is affirmed.

GARNETT, J.[*]

We concur:

ZELON, Acting P. J.

SEGAL, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.